# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY DAVID HOLLAND, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 14-CV-054-JED-FHM |
| TERRY MARTIN, Warden, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. In response to the petition, Respondent filed a motion to dismiss time barred petition and brief in support (Doc. 8). Respondent also provided the state court record necessary for resolution of the motion to dismiss. (Doc. 9). Petitioner filed a response (Doc. 10) to the motion to dismiss. For the reasons discussed below, Respondent's motion to dismiss is granted and the petition is dismissed with prejudice as time barred.

## BACKGROUND

At the conclusion of a jury trial held in Ottawa County District Court (Case No. CF-2009-188B), Petitioner Jeremy David Holland (Jeremy) was convicted of Conjoint Robbery (Count I) and misdemeanor Breaking and Entering (Count II)[1] (*see* Doc. 14-1). In accordance with the jury's recommendation, the trial judge sentenced Jeremy to eight (8) years imprisonment on Count I and

---

[1] Jeremy was tried jointly with his brother, Jason Holland (Jason). At the joint trial, Jason testified that he alone stole the victim's purse while his brother, Jeremy, was asleep in the back seat of the car in which the brothers were traveling. Jeremy did not testify at trial. The jury found both defendants guilty as charged. Jason, found guilty after former conviction of two or more felonies, was sentenced to forty-five (45) years imprisonment on the conjoint robbery conviction and one (1) year in the county jail on the misdemeanor conviction.

one (1) year in the county jail and a $500 fine on Count II, and ordered the respective sentences to be served concurrently. *Id.* Jeremy was represented at trial by attorney Lee Griffin Eberle.

Jeremy appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA), where he was represented by Traci J. Quick, an attorney at the Oklahoma Indigent Defense System. In an unpublished summary opinion, filed March 8, 2011, in Case No. F-2010-79, the OCCA affirmed the Judgments and Sentences rendered by the trial court (*see* Doc. 8-1). Jeremy filed a petition for rehearing which was denied by the OCCA on April 15, 2011. *See* Doc. 8-2 at 5. The record is devoid of any suggestion that Jeremy sought *certiorari* review in the United States Supreme Court.

On December 6, 2011, Jeremy filed his first *pro se* application for post-conviction relief. *See* Doc. 8-3 at 6. By order filed December 16, 2011, the state district court denied post-conviction relief. *Id.* Jeremy did not appeal the denial of his initial application for post-conviction relief. *Id.*

On July 2, 2013, Jeremy filed a second *pro se* application for post-conviction relief. *Id.* On September 6, 2013, the state district court denied the requested relief. *Id.* Jeremy filed a post-conviction appeal. *Id.* By order filed November 7, 2013, the OCCA affirmed the district court's denial of Jeremy's second application for post-conviction relief (*see* www.oscn.net).

On February 5, 2014, Jeremy filed his federal petition for writ of habeas corpus (Doc. 1). There, he raises five (5) claims:

    Ground 1:    Actual/factual innocence and procedural bar.

    Ground 2:    Petitioner is actually innocent.

    Ground 3:    Insufficient evidence – two elements of crime not proven.

    Ground 4:    Trial counsel ineffective.

    Ground 5:    Appellate counsel ineffective.

*Id.* at 5-12. In response to Jeremy's habeas petition, Respondent filed a motion to dismiss (Doc. 8), arguing that the petition was time barred. Jeremy's response to the motion to dismiss (Doc. 10) argued that his claim of actual innocence overcomes the statute of limitations bar.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) in this case leads to the conclusion that Jeremy filed his habeas petition *after* expiration of the one-year limitations period. Jeremy's

3

convictions became final on July 15, 2011, after the OCCA concluded direct review by denying Jeremy's request for rehearing on April 15, 2011, and the 90 day time period for filing a petition for writ of certiorari in the United States Supreme Court had lapsed. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, Jeremy's one-year limitations clock began to run on July 16, 2011, *see Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011), and, absent a tolling event, a federal petition for writ of habeas corpus filed after July 16, 2012 would be untimely. *See United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

**A. Statutory tolling**

The limitations period was tolled, or suspended, during the pendency of a "properly filed" post-conviction proceeding. 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998). On December 6, 2011, with 223 days remaining in the one-year limitations period, Jeremy filed his first application for post-conviction relief. On December 16, 2011, the state district court denied the application. Jeremy did not perfect a post-conviction appeal within thirty (30) days of the district court's final order. When a petitioner fails to perfect a timely post-conviction appeal, his one-year limitations period is tolled an additional 30 days, the time period allowed under state law for perfection of a post-conviction appeal. *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (holding that regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law). Thus, Jeremy is entitled to tolling of the limitations period from December 6, 2011, when he filed his application, through January 17, 2012, or 30 days after the

district court's ruling, when the time for filing a timely post-conviction appeal expired.[2] Jeremy's limitations clock resumed on January 18, 2012, leaving him 223 days within which to timely file his federal petition for writ of habeas corpus. Thus, Jeremy's deadline for filing a timely federal petition for writ of habeas corpus was August 28, 2012.

On July 2, 2013, or more than ten (10) months after the above-noted deadline, Jeremy filed a second application for post-conviction relief. However, the one-year period was not tolled during the pendency of the second post-conviction proceeding. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Therefore, unless Jeremy demonstrates that he is entitled to other statutory or equitable tolling of the limitations period, his petition filed February 5, 2014, is clearly untimely.

**B. Equitable tolling**

The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560, 2562 (2010); *Miller*, 141 F.3d at 978. However, equitable tolling applies only in "rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). A petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d

---

[2]As noted by Respondent, thirty (30) days after December 16, 2011, fell on Sunday, January 15, 2012. Monday, January 16, 2012, was a holiday. Therefore, Jeremy's deadline for filing a post-conviction appeal was Tuesday, January 17, 2012.

5

1217, 1220 (10th Cir. 2000); *see also Miller*, 141 F.3d at 978. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008))

As noted in his response to the motion to dismiss, Jeremy argues that the one-year limitations period does not apply to him because he has pled actual innocence. *See* Doc. 10. A claim of actual innocence may in fact overcome the bar resulting from the one-year statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) ("Where . . . a petitioner argues that he is entitled to equitable tolling because he is actually innocent, . . . the petitioner need make no showing of cause for the delay."); *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) ("A claim of actual innocence may toll the AEDPA statute of limitations."). Our Circuit has "stress[ed] that this actual innocence exception is rare and will only be applied in the extraordinary case." *Lopez*, 628 F.3d at 1231 (internal quotation marks omitted). To take advantage of the "actual innocence" gateway, a habeas petitioner must "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). The petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness

6

accounts, or critical physical evidence – that was not presented at trial." *Id.* at 324. Moreover, this new evidence must be sufficient to "show that it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence." *Id.* at 327; *see also House v. Bell*, 547 U.S. 518, 536-37 (2006). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623-24 (1998).

Here, Jeremy claims that "[t]he crime of conjoint robbery was no[t] proven in this case and the conviction and sentence should be set aside." (Doc. 10). In the brief supporting his petition, Jeremy explains that, while being arrested, he "blurted out 'I did it.'" (Doc. 1 at 19). However, he claims that "it was never ascertained at trial what Petitioner was talking about when he made the comment, but affidavits attached to Petitioner's [second] post conviction indicate that Petitioner thought he was being arrested for driving the vehicle on a flat tire, and that is what he made the comment in reference to."[3] *Id.*

The record provided by Respondent reflects that Jason testified that he alone stole the victim's purse and that Jeremy had no involvement in stealing the purse, the incident giving rise to the charge of Conjoint Robbery (Count I). (Doc. 9-3 at 281-87). Jason also testified that, when Jeremy said "I did it, I did it," he was not telling the truth with regard to the offense, but he was telling the truth with regard to the circumstances. *Id.* at 286-87. However, Jason was not allowed to further explain Jeremy's statement "I did it, I did it." *Id.* 283-86. During closing argument, the

---

[3]Jeremy attaches his own affidavit to the habeas corpus petition. (Doc. 1 at 50). The affidavit is marked "Exhibit D," suggesting that it was part of Jeremy's second application for post-conviction relief. *See* Doc. 1 at 19 (referring to "Affidavit of Jeremy Holland, post-conviction exhibit 'D'"). In the affidavit, Jeremy explains that as he was being arrested, "a nearby officer asked a question about who had been driving the car on a flat tire." *Id.* at ¶ 4. Jeremy avers that, in response to that question, he said "I did it, I did it." *Id.*

prosecutor used Jeremy's statement "I did it" as evidence of his involvement in the robbery, thereby supporting Jeremy's conviction of conjoint robbery. *See* Doc. 9-3 at 356, 378.

On direct appeal, Jeremy argued that by prohibiting Jason from explaining Jeremy's statement, Jeremy was deprived of his right to present a defense. The OCCA rejected that argument, finding that Jeremy had "not shown the evidence was material to the extent its exclusion violated his right to present a defense. The excluded testimony was not of such an exculpatory nature that its exclusion affected the trial's outcome." (Doc. 8-1 at 4-5 (citations omitted)).

In this habeas action, Jeremy presents no new evidence to support an actual innocence claim. Instead, Jeremy merely challenges the sufficiency of the evidence presented at trial.[4] That argument is insufficient to overcome the statute of limitations bar. *Bousely*, 523 U.S. at 623-24. Jeremy makes no other argument suggesting he is entitled to equitable tolling. Furthermore, nothing in the record before the Court suggests that Jeremy is entitled to equitable tolling. In the absence of equitable tolling, the petition for writ of habeas corpus is clearly time barred.

## **CONCLUSION**

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. His claim of actual innocence fails to overcome the limitations bar. Respondent's motion

---

[4]The Court is aware that Jason timely filed his own petition for writ of habeas corpus in this Court (N.D. Okla. Case No. 11-CV-277-GKF-FHM). In an Opinion and Order filed in that case on September 30, 2014, the Court conditionally granted the writ, finding that trial counsel provided ineffective assistance in failing to object to the admission of prejudicial evidence and in failing to object to the admission of Jeremy's statement as a confrontation clause violation. Significantly, however, the Court also found that the evidence was sufficient to support the conjoint robbery conviction. An appeal of the ruling conditionally granting the writ is presently pending before the Tenth Circuit Court of Appeals.

to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

### Certificate of Appealability

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of the petition as time barred is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.  Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Doc. 8) is **granted**.

2.  The petition for writ of habeas corpus (Doc. 1) is **dismissed with prejudice.**

3.  A certificate of appealability is **denied**.

4.  A separate Judgment shall be entered in this matter.

ORDERED THIS 19th day of March, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE